# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES R. PUTMAN, JR.,** | ) | |
| | ) | Case No. 7:17-cv-168 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SAVAGE ARMS, INC.,** | ) | By:   Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff James R. Putman, Jr.'s ("Putman's") Motion to Exclude Opinion Testimony of Sam Fadala, filed on January 8, 2019. ECF No. 55. Defendant Savage Arms, Inc. ("Savage") responded on January 21. ECF No. 71. Putman replied on January 29. ECF No. 85. The court heard argument on February 1. ECF No. 89. For the reasons stated below, the court **DENIES** Putman's motion.

I.

Federal Rule of Evidence 703 permits expert witnesses to base opinions on facts or data "that the expert has been made aware of or personally observed," as well as facts an expert "in the particular field would reasonably rely on." The trial judge serves as the "gatekeeper" of expert evidence by determining its admissibility and assessing the qualifications of the expert purporting to offer it. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). To establish "a standard of evidentiary reliability," an expert must testify about scientific knowledge. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589–90 (1993). To ensure relevancy, the expert's evidence or testimony must "'assist the trier of fact to

understand the evidence or to determine a fact in issue.'" Id. at 591 (quoting Fed. R. Evid. 702). When faced with potential expert testimony, the trial judge must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592–93. In particular, the Fourth Circuit Court of Appeals has "admonished that 'a plaintiff may not prevail in a products liability case by relying on the opinion of an expert unsupported by any evidence such as test data or relevant literature in the field.'" Oglesby v. Gen. Motors Corp., 190 F.3d 244, 249 (4th Cir. 1999) (quoting Alevromagiros v. Hechinger Co., 993 F.2d 417, 422 (4th Cir. 1993)).

## II.

Putman first argues that, though Dr. Sam Fadala is acknowledged as an expert on black powder muzzleloaders, the smokeless powder used by the 10ML-II muzzleloader (the weapon that caused Putman's injuries) is very different. Dr. Fadala's only disclosed experience with a smokeless powder muzzleloader is his evaluation of the Savage ML and ML-II rifles and the articles he wrote on both in national publications. ECF No. 67-3, at 2. Putman concludes that Dr. Fadala's experience is not sufficiently tailored to the needs of this case.

Next, Putman argues that Dr. Fadala's conclusions are based on speculation disproved by actual testing. Dr. Fadala opines there was a high possibility the projectile had migrated down in Putman's weapon, without referencing testing or stating why he believes this to be true. ECF No. 67-3, at 5. Meanwhile, Savage's testing with smokeless powder and Steven Rodgers's (another defense-designated expert) testing with PowerBelt bullets

2

contradicts Dr. Fadala's theory. By means of a so-called "gun drop test," Rodgers evaluated whether a PowerBelt bullet could migrate down the barrel of a muzzleloader. Rodgers found that when muzzleloaders were dropped, the bullets either stayed in place or completely fell out of the barrel. ECF No. 68-5. Even if Putman's bullet could have moved part-way down the barrel as Dr. Fadala opines, Savage conducted tests on whether a bullet in such a position would have ruptured Putman's barrel and found it would not have done so. ECF No. 68-6. Putman asserts further that Dr. Fadala based his analysis on black powder tests, which are wholly inapplicable. These tests say nothing about what happened with Putman's 10ML-II loaded with smokeless powder.

Lacking proper qualifications, Putman argues the rest of Dr. Fadala's opinion consists of irrelevant recitations of facts within the understanding of the jury. Further, Putman argues some of Dr. Fadala's opinions are not supported by the record. For example, Dr. Fadala opines Putman failed to clean his weapon but cannot explain why this matters. ECF No. 67-3, at 4. He opines that Putman improperly used a ramrod attachment, but again cannot explain how this contributed to the malfunction. Id. Based on these arguments, Putman asks Dr. Fadala's opinions be excluded.

Savage argues that Dr. Fadala is qualified and points to the "leading authoritative texts on muzzleloading and safe-handling" authored by Dr. Fadala, some of which discuss the Savage 10ML-II rifle. Dr. Fadala has previously performed destructive testing with both black powder and smokeless powder, written course and training materials for classes related to the history, performance, and safe use of muzzleloading firearms, and been retained by muzzleloading manufacturers as a consultant and independent contractor. Dr. Fadala has

3

been qualified as an expert witness in muzzleloading shooting, firearms, and failure analysis. In one case, he specifically evaluated whether a muzzleloader failed due to the use of smokeless powder. Ford v. Traditional Sporting Goods, Inc., Civ No. 05-cv-2086, 2006 WL 3075547, at *1 (W.D. Ark. Oct. 30, 2006). Savage argues Putman is impermissibly attempting to narrow the scope of Dr. Fadala's qualifications. Finally, Savage argues Putman's arguments regarding Dr. Fadala's methodology are incorrect. Neither test cited refutes Dr. Fadala's opinions. Savage's internal test used a recommended bullet, not the bullet Putman used, and Rodgers' gun drop test was not performed for purposes of this litigation but was designed to evaluate a new projectile with a sub-base.

### III.

While Putman argues that Dr. Fadala is more qualified in black powder than smokeless powder, this observation does not merit his exclusion. All muzzleloaders except the 10ML-II use black powder rather than smokeless gunpowder—it would follow that most people with expertise in muzzleloading weapons know more about black powder than smokeless. To claim that Dr. Fadala's familiarity with the type of gunpowder every other muzzleloading rifle uses prevents him from testifying as an expert in muzzleloaders is nonsensical. Dr. Fadala has enough familiarity with smokeless gunpowder for his experience with muzzleloaders to be applicable. Further, the problems with Dr. Fadala's tests don't merit exclusion. Putman argues that Dr. Fadala's theories are disproved by Savage's and Rodgers's own testing; Savage presents reasons why the contradictory tests do not apply to these issues. Given this disagreement, the issue is best decided by the jury. Putman's arguments as to Dr. Fadala's allegedly unsupported statements relate to the positing of

4

alternative theories of causation. These criticisms go to the weight, and not the admissibility, of Dr. Fadala's testimony. Putman can elicit testimony showing these theories are unlikely during cross examination.

Finally, Putman argues that much of Dr. Fadala's testimony will be unhelpful to the jury. While the Fourth Circuit draws a "critical distinction" between expert and nonexpert testimony, U.S. v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006), it has also held that "the 'subject matter of Rule 702 testimony need not be arcane or even especially difficult to comprehend.'" Id. (quoting Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993)). Issues regarding the admission of an expert's opinions do arise when that expert offers opinions on "the commonplace" that threaten to replace a jury's "independent exercise of commonsense." Doe by Watson v. Russell County School Board, 292 F. Supp. 3d 690, 717 (W.D. Va. 2018) (quoting Kopf, 993 F.2d at 377). The information presented by Dr. Fadala on muzzleloaders is not within the everyday knowledge of a lay juror, and nothing in Dr. Fadala's report threatens to replace a jury's independent exercise of common sense.

**IV.**

For the reasons stated above, Putman's Motion to Exclude Opinion Testimony of Sam Fadala, ECF No. 55, is **DENIED**.

An appropriate Order will be entered.

ENTERED: 03-01-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

5