IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES R. PUTMAN, JR., | ) |
| | ) Case No. 7:17-cv-168 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SAVAGE ARMS, INC., | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Savage Arms, Inc.'s ("Savage's") Motion to Preclude Plaintiff's Expert Dr. Druschitz. ECF No. 64. Savage filed its motion on January 8, 2019. Plaintiff James R. Putman, Jr. ("Putman") responded on January 22. ECF No. 75. Savage replied on January 28. ECF No. 83. The court heard argument on February 1. ECF No. 89. For the reasons stated below, the court **DENIES** the motion.

I.

Federal Rule of Evidence 703 permits expert witnesses to base opinions on facts or data "that the expert has been made aware of or personally observed," as well as facts an expert "in the particular field would reasonably rely on." The trial judge serves as the "gatekeeper" of expert evidence by determining its admissibility and assessing the qualifications of the expert purporting to offer it. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997). To establish "a standard of evidentiary reliability," an expert must testify about scientific knowledge. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589–90 (1993). To ensure relevancy, the expert's evidence or testimony must "'assist the trier of fact to

understand the evidence or to determine a fact in issue.'" Id. at 591 (quoting Fed. R. Evid. 702). When faced with potential expert testimony, the trial judge must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592–93. In particular, the Fourth Circuit Court of Appeals has "admonished that 'a plaintiff may not prevail in a products liability case by relying on the opinion of an expert unsupported by any evidence such as test data or relevant literature in the field.'" Oglesby v. Gen. Motors Corp., 190 F.3d 244, 249 (4th Cir. 1999) (quoting Alevromagiros v. Hechinger Co., 993 F.2d 417, 422 (4th Cir. 1993)).

## II.

Putman is calling Dr. Alan Druschitz ("Dr. Druschitz") to testify that the choice of steel (416R stainless steel) was improper and that this caused the 10ML-II's malfunction. Savage asserts three main reasons to exclude Dr. Druschitz's testimony: (1) he lacks the qualifications to offer these opinions; (2) he used unreliable methodology in forming these opinions; and (3) his opinions will not assist the trier of fact. Savage argues Dr. Druschitz is unqualified because he is a metallurgist with a background in casting and welding for component parts of automobiles but has no specific experience with firearms. Savage contends that the complexities of this case require experts hold qualifications specific to the subject matter. Savage also argues that Dr. Druschitz's methodology is unreliable based on several alleged defects with his work, the most serious of which is a failure to rule out other potential causes of the muzzleloader's malfunction. Finally, Savage argues that Dr. Druschitz's opinions will not assist the trier of fact because they are largely based on his own

2

subjective beliefs and contentions, relying largely on the preceding arguments to support this.

Putman responds that Dr. Druschitz is qualified to offer these opinions because the Fourth Circuit has ruled that an expert need only have "sufficient" specialized knowledge to assist jurors. RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc., 609 Fed. App'x 731, 739 (4th Cir. 2015). Dr. Druschitz has a bachelor's degree and doctorate in metallurgical engineering, has researched solid metal embrittlement of 4140 steel (a type of steel used in artillery by various manufacturers, including Savage), was a research engineer at General Motors research laboratories for fourteen years, and later became the Director of Materials Research and Development at a car parts manufacturer. ECF No. 68-9, at 2. This experience required he perform failure analysis and work with alloys and heat treatments for metal production. Id. He referenced research related to the specific proprietary alloy at issue here, as well as Savage's confidential tests of 10ML-II guns. Id. at 48–49. This is sufficient to allow Dr. Druschitz to assist the trier of fact. Putman next argues that the objections to Dr. Druschitz's methodology are based on Savage's disagreement with his priorities in writing his report. Putman responds to Savage's critique that Dr. Druschitz failed to test other potential causes by listing several factors he tested other than the type of steel used in the muzzleloader. Putman finally asserts that Savage's complaints go to weight, rather than admissibility.

### III.

As Putman points out in his brief, Savage's argument to exclude Dr. Druschitz bears a marked resemblance to its argument in Palatka v. Savage Arms, Inc., 535 Fed. App'x 448

(6th Cir. 2013) to exclude Dr. Clark Radcliffe. Dr. Radcliffe was plaintiff's causation expert and a professor of mechanical engineering at Michigan State University. Id. at 454. The district court agreed with Savage and excluded the expert, but the Sixth Circuit Court of Appeals reversed. Id. at 453. The district court "was critical of Dr. Radcliffe's opinion in light of his admission that he is not a firearms expert and has not consulted in the design or manufacture of a firearm," but the Sixth Circuit found that his skill, education, and training in mechanical engineering "render[ed] him competent to offer opinions on a variety of mechanical topics, and [the court does not] require Dr. Radcliffe to have a specialized knowledge of firearms to offer opinions here." Id. at *455. The district court also pointed to several perceived errors in Dr. Radcliffe's methodology, including a lack of testing of proposed alternatives. Id. The Sixth Circuit reviewed these objections and found they went to weight, rather than admissibility. Id.

Similarly, Savage argues here that Dr. Druschitz does not have specialized expertise in firearms. Dr. Druschitz is a qualified metallurgist with advanced degrees in metallurgical engineering and had done specialized research for the purposes of testifying in this matter. He has already been qualified as an expert in metallurgical engineering in federal court. ECF No. 78-1, at 3. Savage's objections to his lack of specific experience may be considered by the trier of fact but do not merit exclusion. Similarly, Savage's objections to Dr. Druschitz's methodology go to weight, rather than admissibility. While a failure to consider other potential causes of a plaintiff's injury might in some circumstances justify exclusion, the Fourth Circuit has ruled that an expert's opinion should not be barred simply because the expert failed to rule out every possible alternative cause. Cooper v. Smith & Nephew, Inc.,

4

259 F.3d 194, 202 (4th Cir. 2001). Only if the expert utterly fails to consider alternative causes or fails to offer a reason why the proffered alternative cause was not the sole cause should the expert be excluded. Id. The problems Savage lists in its brief regarding Dr. Druschitz's methodology may be pursued during cross examination. They are insufficient to render Dr. Druschitz's testimony unfit under Rule 702.

## VI.

For the reasons stated above, the court **DENIES** Savage's Motion to Preclude Plaintiff's Expert Dr. Druschitz. ECF No. 64.

An appropriate Order will be entered.

ENTERED: 03-01-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge